Dear Ms. Young:
On behalf of the Duval County Public Schools you ask substantially the following question:
Are student assessment tests, developed by teachers to measure student preparedness for college board advanced placement exams, public records subject to inspection and copying under Chapter 119, Florida Statutes?
In sum:
Student assessment tests developed by teachers to measure student preparedness for college board advanced placement exams are confidential and exempt from the inspection and copying requirements of Chapter 119, Florida Statutes.
The Duval County School Board has been asked to provide copies of blank examinations developed by teachers to prepare students for state and national examinations. You state that the examinations were developed as part of the teachers' responsibilities to provide instruction and to regularly assess and measure students' knowledge in core academic areas. The question has arisen whether such teacher developed examinations are exempt from disclosure pursuant to section 1008.23, Florida Statutes.
Section 24, Article I of the Florida Constitution and Chapter 119, Florida Statutes, establish a right of access to any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, unless such records are constitutionally or statutorily exempted or made confidential.
Chapter 119, Florida Statutes, defines public records as
"[A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[1]
Thus, it is clear that the examinations created in the course of a teacher carrying out his or her official duties are public records. However, those public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the inspection and copying provisions of the Public Records Law.[2]
Section 1008.23, Florida Statutes, states:
"All examination and assessment instruments, including developmental materials and workpapers directly related thereto, which are prepared, prescribed, or administered pursuant to ss. 1003.43, 1008.22, and1008.25 shall be confidential and exempt from the provisions of s.119.07(1) and from s. 1001.52. Provisions governing access, maintenance, and destruction of such instruments and related materials shall be prescribed by rules of the State Board of Education." (e.s.)
Section 1003.43, Florida Statutes, sets forth the general requirements for high school graduation. Graduation requires "successful completion of either a minimum of 24 academic credits in grades 9 through 12 or an International Baccalaureate curriculum."[3] The section, however, does not specify particular tests to be administered to assess a student's fulfillment of the graduation requirements. Rather, section 1003.43(5), Florida Statutes, requires each school district to "establish standards for graduation from its schools" which must include earning a passing score on the FCAT or its equivalent, completion of all requirements prescribed by the district pursuant to section 1008.25, Florida Statutes, and achievement of a specified grade point average.
Section 1008.22, Florida Statutes, creates a student assessment program for public schools. It requires each student to participate in statewide assessment tests, commonly known as FCAT, as well as national education comparison testing.[4] The stated purposes of the assessment program are to "provide information needed to improve the public schools by enhancing the learning gains of all students and to inform parents of the educational progress of their public school children."[5] The program must be designed to, among other things, "[a]ssess the annual learning gains of each student toward achieving the Sunshine State Standards appropriate for the student's grade level."[6] Moreover, "[m]easurement of the learning gains of students in all subjects and grade levels other than subjects and grade levels required for the state student achievement testing program is the responsibility of the school districts."[7] Each district is further required to "periodically assess student performance and achievement within each school of the district." Such assessment programs "must be based on the core curricular content established by the Next Generation Sunshine State Standards and any local goals and objectives that are compatible with the state plan for education and that supplement the core content knowledge and skills for successful grade-to-grade progression and high school graduation."[8] (e.s.)
Section 1008.25, Florida Statutes, reflects the Legislature's intent that each student's progression from one grade to another be determined by proficiency in reading, writing, science, and mathematics. It requires each school district to establish a comprehensive program for student progression, including standards for evaluating each student's performance, and requires each student to participate in statewide assessment tests required by section 1008.22, Florida Statutes.[9]
The plain language of section 1008.23, Florida Statutes, makes confidential and exempt all examination and assessment instruments, including developmental materials or work papers directly related thereto, which are prepared or administered under the sections discussed above. Clearly, such examination and assessment instruments would include tests. In light of the comprehensive nature of the examinations and assessments to be used to measure a student's performance and progress, it would appear that tests created and administered by an individual teacher pursuant to sections 1003.43, 1008.22, and 1008.25, Florida Statutes, would fall within those examination and assessment instruments that are confidential and exempt from inspection and copying. There is nothing that has been found or brought to the attention of this office that would exclude assessment and examination materials developed or administered by a teacher in carrying out the requirements of the sections cited from the confidentiality provision in section 1008.23, Florida Statutes.
Given the broad nature of assessing students for their progress and performance during school and at the time of completion of their education from primary school, it appears that teacher-developed examinations to measure a student's readiness for college board advanced placement examinations would fall within the protections from disclosure provided in section 1008.23, Florida Statutes. Common sense dictates that a test developed to objectively assess a student's progress and performance should not be compromised by its dissemination prior to its being administered by simply making a public records request for the blank test.
Ultimately, the determination of whether a specific examination is created or administered to comply with the requirements of sections 1003.43,1008.22, and1008.25, Florida Statutes, is a mixed question of law and fact that may not be determined by this office.
Accordingly, it is my opinion that pursuant to section 1008.23, Florida Statutes, assessment tests developed by teachers to measure student preparedness for college board advanced placement exams are confidential and exempt from the inspection and copying requirements of Chapter 119, Florida Statutes. The Legislature, however, may wish to clarify this matter.
Sincerely,
Bill McCollum
Attorney General
BM/tals
[1] Section 119.011(12), Fla. Stat.
[2] Article I, s. 24, Fla. Const.
[3] Section 1003.43(1), Fla. Stat.
[4] See s. 1008.22(2) and (3), Fla. Stat.
[5] Section 1008.22(1), Fla. Stat.
[6] Section 1008.22(1)(a) — (f), Fla. Stat.
[7] Section 1008.22(8), Fla. Stat.
[8] Section 1008.22(5), Fla. Stat. Section 1003.41, Fla. Stat., sets forth the "Sunshine State Standards" and the "Next Generation Sunshine State Standards."
[9] Section 1008.25(2)(a) and (4), Fla. Stat.